IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:06-10-3 |
| ) | |
| BRYANT KEITH JONES, a/k/a "Up," ) | JUDGE KIM R. GIBSON |
| a/k/a "Ups," ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & ORDER

Now before the Court is Defendant's oral motion for release on bond pending sentencing. On April 5, 2006, Defendant made an initial appearance to answer various charges arising under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. Defendant Jones entered a plea of not guilty and was released on bond with conditions, the Magistrate Judge having found that evidence of a suitable third-party custodian rebutted the presumption in 18 U.S.C. § 1342(e). That Order was stayed, however, pending the Government's motion to this Court for revocation of release. This Court was persuaded by arguments in the Government's motion that no condition short of detention would reasonably assure Defendant's presence at future proceedings or the safety of the community. Accordingly, the Court revoked the Order of Release and Defendant was remanded to custody to await trial. Document No. 103. Defendant's Motion for Reconsideration was denied. Document No. 115.

On October 18, 2006, Defendant pleaded guilty to Counts One and Seven of the indictment. At that time, Defendant orally moved the Court for release pending the imposition of sentence, currently scheduled for February 26, 2007. At the October 31, 2006, hearing on that motion, Defendant again presented evidence that his mother—Carolyn Harper—could act as a suitable third-party custodian while he awaits further proceedings. Ms. Harper, who resides in Brooklyn, NY, offered testimony

regarding her ability to supervise Defendant's activities if the latter is released on bond, as well as testimony concerning Defendant's family status. Hearing Transcript (Document No. 160), pp. 15-25. The evidence also indicated, however, that Defendant has previously resided with Ms. Harper, who was unaware of her son's drug abuse during that period. *Id.* at 22-23.

According to 18 U.S.C. § 3143(a)(2), any person found guilty of a crime under the Controlled Substances Act must make a particularized showing before being released on bond pending sentencing. The Defendant must establish by clear and convincing evidence that he "is not likely to flee or pose a danger to any other person or the community." In addition, the Court must find either "a substantial likelihood that a motion for acquittal or new trial will be granted" or that "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A).

In the case *sub judice*, the Court cannot say that Defendant has shown by clear and convincing evidence that he is not likely to flee and that he poses no risk to the community. Though there is evidence that Defendant's mother will provide supervision during the months before Defendant is sentenced, such supervision necessitates Jones' return to Brooklyn, NY. Defendant's past drug abuse gives the Court considerable pause before sanctioning such relocation. Though Ms. Harper testified that if Defendant was released on bond, she would more closely supervise her son's activities than she had in the past, the Court's abiding concerns are for the integrity of the judicial process and the safety of the public. Ms. Harper's testimony does not clearly and convincingly assure that Defendant will appear at his sentencing and will pose no risk to his community in the interim. Accordingly, Defendant's motion for release on bond is denied. An appropriate Order follows.

**AND NOW**, this 14th day of November, 2006, **IT IS HEREBY ORDERED** that Defendant's Motion for Release upon Bond is **DENIED**. Accordingly, Defendant Bryant Keith Jones, a/k/a "Up," a/k/a "Ups," shall remain in custody pending sentencing.

                **BY THE COURT:**

                */s/ Kim R. Gibson*

                **KIM R. GIBSON**
                **UNITED STATES DISTRICT JUDGE**

**Cc:**    **All Counsel of Record**