IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:06-10-3 |
| ) | |
| BRYANT KEITH JONES, a/k/a "Up," ) | JUDGE KIM R. GIBSON |
| a/k/a "Ups," ) | |
| Defendant. ) | |

## MEMORANDUM OPINION & TENTATIVE FINDINGS AND RULINGS

**AND NOW**, this 16th day of February, 2007, the Probation Office having conducted a presentence investigation and submitted a presentence report; the United States having filed its position paper as required by Local Criminal Rule 32.1(D) indicating that it has no objections to the presentence report; Defendant having filed a position paper as required by Local Criminal Rule 32.1(D) indicating that he has objections to the presentence report; and the Probation Office having submitted the final addendum to the presentence report pursuant to Local Criminal Rule 32.1(F), the Court makes the following tentative findings and rulings:

1) On October 16, 2006, Bryant Keith Hones, a/k/a "Up," a/k/a "Ups," (hereinafter "Defendant"), appeared before this Court and plead guilty to Count 1 of the indictment at Criminal Number 06-10-3-J, charging him with conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine and five grams or more of cocaine base, Schedule II substances, from in or around July 2004 to on or about May 13, 2005, in violation of Title 21 United States Code, Section 846. Defendant also plead guilty to Count 7 of the indictment at Criminal Number 06-10-3-J, charging him with possession with intent to distribute five grams or more of cocaine base, a Schedule II controlled substance, on or about May 12, 2005, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

2) On January 12, 2007, the United States Probation Office filed a Presentence Investigation Report (hereinafter "PIR") in this matter. On January 29, 2007, the United States filed its position paper indicating that it had no objections to the PIR. Also on

1

January 29, 2007, Defendant filed his position indicating one objection and three clarifications.

3) Defendant first seeks to clarify Paragraph 12 of the PIR, which states that codefendant Andre Leonard Daniels "directed defendant Bryant Keith Jones to check the attic" of a house on Barnett Street, where Defendant "located three handguns." Defendant asserts that at no time did he enter or "check" the attic of the Barnett Street house. Defendant also denies the fact stated in Paragraph 12 of the PIR that he "had been asked by Daniels in or about the beginning of May 2005 to come to Johnstown to sell crack for him." Defendant seeks to clarify that he decided to reside in Johnstown on his own and not at the request of Mr. Daniels. Defendant claims that at the time he moved to Johnstown, he did not know Daniels also resided here, but met Daniels sometime thereafter, whereupon he was asked to begin selling crack.

4) The Probation Office stands behind the statements as originally made in the PIR, as they were taken from information provided by the Government via investigative reports or statements provided by Defendant and/or codefendants. The Government has not filed any response to this clarification.

5) Defendant also seeks to clarify Paragraph 44 of the PIR, according to which on April 28, 1999, Defendant forcibly entered another's residence, simulated a gun, refused to let the resident leave, and removed property from the residence. According to Defendant, he went to the residence to collect a debt. An argument ensued when the resident refused to pay and the resident's girlfriend called the police to report that Defendant had a gun and was stealing property. Defendant was arrested outside the residence but police found no gun or stolen property on his person. Defendant spent two months in jail and eventually plead guilty to petit larceny to avoid further incarceration.

6) The Probation Office responds that information for the offense described in Paragraph 44 of the PIR was taken from the New York City Police Department reports provided by the United States Probation Office for the Eastern District of New York. The Government has not filed any response to this clarification.

7) Defendant next disputes the facts set forth in Paragraph 45 of the PIR, which recounts that Defendant was arrested for assault with intent to cause physical injury after kicking and punching the victim and removing the victim's property. Defendant plead guilty to the charge on October 26, 1999. Defendant avers that he did not participate in the assault, which was perpetrated by two of his acquaintances. Defendant claims he was arrested along with his acquaintances and had spent three months in jail by the time of his court appearance, whereat, on the advice of his attorney, he plead guilty to avoid further incarceration.

2

8) The Probation Office responds that information for the offense described in Paragraph 45 of the PIR was taken from the New York City Police Department reports provided by the United States Probation Office for the Eastern District of New York. The Government has not filed any response to this clarification.

9) Defendant also objects to the Probation Office's conclusion in Paragraph 33 of the PIR that Defendant is entitled only to a "minor participant" reduction of two points. Defendant maintains instead that he is entitled to a minimal-role reduction of three points, as he was involved in the conspiracy for only two weeks prior to his arrest.

10) The Probation Office maintains that the two-level reduction is appropriate, as the circumstances of Defendant's arrest indicate that he held a position of trust within the conspiracy. The Probation Office cites the Commentary to U.S.S.G. § 3B1.2 and the terms of Defendant's plea agreement to support the two-point reduction.

11) Upon consideration of the foregoing, the Court makes the following tentative rulings:

   A) As Defendant's clarification of Paragraph 12 of the PIR has no effect on the calculation of the advisory sentence range in this case, the Court accepts the clarification without offering any opinion as to its validity;

   B) Similarly, the Court has no opinion on Defendant's version of the facts stated in Paragraphs 44 and 45 of the PIR. The criminal convictions described therein were validly factored into the computation of Defendant's criminal history and Defendant's clarifications have no effect on the Court's interpretation of the Sentencing Guidelines as they apply to this case;

   C) Defendant's offense level will be reduced by two levels for his minor role in the offense. Defendant does not dispute that when he was arrested, authorities found 71 rocks of crack cocaine—9.8 grams—concealed in the crotch of his pants. For a reduction of 3 levels under U.S.S.G. § 3B1.2, Defendant's role in the offense must be somewhere in the range between minor and minimal. Determining Defendant's level of participation requires consideration of such factors as his "relationship to the other participants, the importance of the [his] actions to the success of the venture, and [his] awareness of the nature and scope of the criminal enterprise." *United States v. Ordaz*, 119 Fed. Appx. 407, 411-12 (3d Cir. 2005) (citing *United States v. Isaza-Zapata*, 148 F.3d 236, 239 (3d Cir. 1998)). The Court agrees with the Probation Office that the amount of controlled substances found on Defendant suggests awareness of the scope of the conspiracy and concludes that Defendant's role as a street-level dealer was vital to the success of the conspiracy. These factors favor overruling Defendant's

          objection and tentatively holding that the offense level will be reduced by two levels for Defendant's minor participation in the conspiracy. This conclusion is also supported by the recommendation of the Government, as embodied in Defendant's plea agreement.

12) As to the remainder of the PIR, the Court, utilizing the 2006 edition of the Guidelines Manual, effective November 1, 2006, makes the following tentative findings, which will be applicable at the time of sentencing:

    A) The base offense level is 26 pursuant to U.S.S.G. § 2D1.1(c)(7) because Defendant was carrying 9.8 grams of cocaine base at the time of his arrest;

    B) There are no specific offense characteristics;

    C) There are no victim-related or obstruction-of-justice adjustments;

    D) There is an adjustment of -2 for Defendant's minor role in the offense under U.S.S.G. § 3B1.2(b);

    E) The adjusted offense level is therefore 24;

    F) There is an adjustment of -2 for Defendant's acceptance of responsibility for his criminal conduct, pursuant to U.S.S.G. § 3E1.1(a). There is an additional downward adjustment of 1 for Defendant's timely notification of his intention to plead guilty, pursuant to U.S.S.G. § 3E1.1(b);

    G) There are no Chapter Four enhancements. The adjusted offense level is therefore 21;

    H) Defendant has a criminal history score of 7, establishing a criminal history category of IV pursuant to U.S.S.G. Chapter 5, Part A;

    I) The statutory maximum term of imprisonment for both Count 1 and Count 7 is not less than 5 years and not more than 40 years, pursuant to 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), and 841(b)(1)(B)(iii);

    J) Based upon an adjusted offense level of 21 and a criminal history category of IV, the Court tentatively finds pursuant to U.S.S.G. § 5A that Defendant's guideline range is 57 to 71 months of imprisonment;

    K) The Court tentatively finds that Defendant has plead guilty to two Class B

felonies. 18 U.S.C. § 3559(a)(2). Accordingly, a term of at least 4 years of supervised release is required by statute if the Court imposes a sentence of imprisonment, pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Such terms of supervised release are to run concurrently, pursuant to 18 U.S.C. § 3624(e);

L)   The Court tentatively finds that the authorized term of supervised release under the Guidelines is at least 3 years but not more than 5 years. U.S.S.G. § 5D1.2(a)(1). In no event, however, shall a sentence of supervised release be less that the minimum required by statute, pursuant to U.S.S.G. § 5D1.2(b). Additionally, a term of supervised release is required if the Court imposes a term of imprisonment of more than 1 year, or when required by statute. U.S.S.G. § 5D1.1(a). Therefore, the range of supervised release is 4 to 5 years;

M)   Defendant is not eligible for probation because the instant offenses are ones for which probation has been expressly precluded by statute. 18 U.S.C. § 3561(a); 21 U.S.C. § 841(b)(1)(B); U.S.S.G. § 5B1.1(b);

N)   The Court tentatively finds that the maximum fine for each count to which Defendant plead guilty is $2,000,000, pursuant to 21 U.S.C. § 840(b)(1)(B). A special assessment of $100 for each count is mandatory under 18 U.S.C. § 3013, totaling a mandatory special assessment in this case of $200;

O)   The fine range for the instant offenses under the Guidelines is from $15,000 to $4,000,000, pursuant to U.S.S.G. § 5E1.2(c);

P)   The Court tentatively finds that restitution is not an issue in this case;

Q)   Under 21 U.S.C. § 862(a)(1)(A), the Court tentatively finds that it may, at its discretion, declare Defendant ineligible for any or all federal benefits for up to 5 years, as this is his first conviction for distribution of a controlled substance;

R)   Pursuant to U.S.S.G. § 5F1.6, the Court may deny eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance.

BY THE COURT:

*[signature]*

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record